**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for LCP NPL XI, 2019 LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Chapter 11

     139-58th St LLC,                                           Case No. 21-42840-jmm

                                Debtor.
-------------------------------------------------------------X

### LCP NPL XI, 2019 LLC'S OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER CONVERTING THIS BANKRUPTCY CASE TO ONE UNDER CHAPTER 7 OR (ALTERNATIVELY) DISMISS THE CASE

THE HONORABLE JILMAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

       LCP NPL XI, 2019 LLC ("LCP" and/or "Secured Creditor"), a secured creditor and mortgagee of the Debtor, 139-58th St LLC (the "Debtor") in the above referenced Chapter 11 Case (the "Bankruptcy Case"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this Objection (the "Objection") to the United States Trustee's Motion for the entry of an order pursuant to Section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") converting the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing the Bankruptcy Case filed on March 11, 2022 [ECF No. 22] (the "Motion"). In support of its Objection, Secured Creditor respectfully submits as follows:

1

## PRELIMINARY STATEMENT

1. The Trustee's Motion seeks to convert the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code or, in the alternative, dismiss the Bankruptcy Case because the Debtor has allegedly: (i) failed to file provide proof of operating a debtor-in-possession account (the "DIP Account"); (ii) file monthly operating reports; and (iii) timely pay UST quarterly fees. However, the Motion should be denied as the UST fails to establish "cause" for conversion to Chapter 7 or dismissal, for the following reasons:

2. First, the Debtor has cured the issues raised in the UST Motion. Debtor's counsel has advised the undersigned that he provided the UST with proof that the DIP account was opened and that UST fees have been paid. In addition, Debtor filed monthly operating reports for the months ending in November 2021, December 2021, January 2021 and February 2021 [ECF Nos. 26-29]. Thus, the issues raised in the Motion are resolved.

3. Second, as set forth below, Secured Creditor as the Debtor's largest pre-petition creditor, believes that dismissal or conversion of Chapter 7 of the Bankruptcy Code would be premature and not in the best interest of the estate.

4. Alternatively, if the Court grants the Motion, Secured Creditor would prefer conversion to Chapter 7 of the Bankruptcy Code (as opposed to dismissal) as a Chapter 7 Trustee could quickly liquidate the Debtor's sole asset, the real property, commonly known as 139-58th Street a/k/a 139-143 58th Street a/k/a 140-144 57th Street, Brooklyn, NY 11220 (Section: 3, Block: 844, Lot: 23) (the "Property"). This would be in the best interest of creditors it would be preferable than waiting for Secured Creditor to conclude its Foreclosure Action (defined below).

5. As the Trustee has failed to meet its burden to demonstrate "cause", the Motion should be denied in its entirety.

**BACKGROUND**

**The Loan**

6.      On September 27, 2017, the Debtor duly executed, acknowledged and delivered a Restated Mortgage Note (the "Note") to Flushing Bank ("Flushing") in the principal amount of $3,350,000.00 in connection with a commercial loan (the "Loan"). A copy of the Note is annexed hereto as **Exhibit "A"**.

7.      On September 27, 2017, the Debtor duly executed, acknowledged and delivered to Flushing, a Mortgage Consolidation, Modification, Extension and Security Agreement (the "Mortgage") that was recorded in the City Register of the City of New York, Kings County (the "Register's Office") on October 5, 2017 under CRFN: 2017000368976 encumbering the Property. A copy of the Mortgage is annexed hereto to as **Exhibit "B".**

8.      On September 27, 2017, as further security for the Note, Janet Rush (the "Guarantor"), duly executed, acknowledged and delivered to Flushing a Personal Guaranty of All Liability (the "Guaranty"), individually guaranteeing all obligations under the Loan to Flushing. A copy of the Guaranty is annexed hereto as **Exhibit "C"**.

9.      On September 27, 2017, as further security for the Note, Debtor, duly executed, acknowledged and delivered to Flushing an Assignments of Lease and Rents (the "ALR") which pursuant to the terms and conditions of the Loan, all rents, income, receipts, revenues, issue and profits derived from the Property were unconditionally assigned to the Secured Creditor as security for repayment of the Loan that was recorded in the Register's Office on October 5, 2019 under CRFN: 2017000368977. A copy of the ALR is annexed hereto as **Exhibit "D"**.

10.      On September 27, 2017, Flushing duly perfected its security interest pursuant to a UCC-1 Financing Statement (the "UCC-1 Financing Statement") that was recorded in the

Register's Office on October 5, 2019 under CRFN: 2017000368978. A copy of the UCC-1 Financing Statement is annexed hereto as **Exhibit "E"**.

**Assignment to Secured Creditor**

11. On August 29, 2019, Flushing assigned the Note and Mortgage to Secured Creditor pursuant to an Assignment of Mortgage (the "Assignment of Mortgage"), which was recorded in the Register's Office on September 24, 2019 under CRFN: 2019000308964. A copy of the Assignment of Mortgage is annexed hereto as **Exhibit "F"**.

12. The Note was endorsed to the Secured Creditor as evidenced by the allonge (the "Allonge") affixed to the Note.

13. On August 29, 2019, Flushing assigned the ALR to Secured Creditor pursuant to an Assignment of Assignment of Leases and Rents (the "ALR Assignment"), which was recorded in the Register's Office on September 24, 2019 under CRFN: 2019000308965. A copy of the ALR Assignment is annexed hereto as **Exhibit "G"**.

14. On August 29, 2019, Flushing assigned the UCC-1 Financing Statement to Secured Creditor pursuant to an Assignment of Assignment of Leases and Rents (the "UCC Assignment"), which was recorded in the Register's Office on September 24, 2019 under CRFN: 2019000307675. A copy of the UCC Assignment is annexed hereto as **Exhibit "H"**.

15. The Secured Creditor is now the owner and holder of the Note with allonge firmly affixed thereto, Mortgage, ALR, UCC Financing Statement, Guaranty, Assignment of Mortgage, ALR Assignment, UCC Assignment, any and all other loan documents evidencing the Loan (collectively, the "Loan Documents").

**The Default and Foreclosure Action**

16. The Debtor and Guarantor defaulted under the Loan Documents by failing (amongst other things) to remit the payment due on May 1, 2019 (the "Default") and each payment thereafter.

17. On July 8, 2019, as result of the Default, pursuant to the terms of the Loan Documents, Flushing declared the balance of the principal indebtedness immediately due and payable and commenced a commercial mortgage foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Kings (the "State Court") under Index No. 514848/2019 in the matter originally styled *Flushing Bank v.139-58th St LLC, et al*. by filing a Summons (the "Summons") and Complaint (the "Complaint"). A copy of the Summons and Complaint is annexed hereto as **Exhibit "I"** (exhibits omitted).

18. The Debtor and Guarantor have failed to appear and/or answer the Complaint in the Foreclosure Action and their time do so has expired.

**The Bankruptcy Case**

19. On November 11, 2021, Debtor filed its petition (the "Petition") for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under case no. 21-42840-jmm (the "Bankruptcy Case").

20. On February 17, 2022, the Bankruptcy Court entered an order establishing April 8, 2022 (the "Bar Date") as the deadline for filings proof of claim [ECF No. 17].

21. On March 11, 2022, the UST filed the Motion, seeking to convert the Bankruptcy Case to Chapter 7 of the Bankruptcy Code or (alternatively) dismiss the Bankruptcy Case [ECF No. 22] because: (i) the Debtor has failed to file provide proof of operating a debtor-in-possession account; (ii) file monthly operating reports; and (iii) timely pay UST quarterly fees.

22. On March 17, 2022, Debtor filed monthly operating reports (the "MORs") for the months ending in November, December, January and February [ECF Nos. 26-29].

23. At the February 23, 2022 status conference, Debtor's counsel claimed Debtor anticipated being able to payoff Secured Creditor's Loan shortly.

24. In addition, Debtor's counsel has advised the undersigned that the proof operating a debtor-in-possession account has been provided by the Debtor to the UST and UST quarterly fees have been paid.

## ARGUMENT

### POINT I

### THE MOTION SHOULD DENIED AS DEBTOR HAS RESOLVED THE ISSUES IN THE UST MOTION

25. When considering a motion to dismiss or convert under § 1112(b), the Court's analysis begins with an assessment of whether "cause" exists. Although Section 1112(b) lists a number of grounds by which the Court shall convert or dismiss this case, that list is not "illustrative, not exhaustive." *C-TC 9th Av. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997). "The movant bears the burden of demonstrating, by a preponderance of the evidence that cause exists to dismiss or convert a chapter 11 case. *In re Babayoff,* 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011); *Taub v. Taub (In re Taub)*, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010). Here, the Trustee has failed to meet its burden.

26. The Motion alleges Debtor has failed: (i) file provide proof of operating the DIP account; (ii) file monthly operating reports; and (iii) to timely pay UST quarterly fees [*See* UST Motion]

27. However, Debtor's counsel has advised the undersigned that he provided the UST with proof that the DIP account was opened and that UST fees have been paid. In addition, Debtor

6

filed the MORs for the months ending in November 2021, December 2021, January 2021 and February 2021 [ECF Nos. 26-29]. Thus, the issues raised in the Motion are resolved.

28. In addition, dismissal or conversion to Chapter 7 of the Bankruptcy Code is not in the best interest of creditors. Here, the date for proofs of claim to be filed (April 8, 2022) has not passed. Secured Creditor should have an opportunity to review potential claims to determine feasibility of a Chapter 11 Plan. In addition, the Debtor's counsel previously advised the Court at the February 23, 2022 status conference, that Debtor is looking to potentially pay Secured Creditor's Loan in full. This potential exit strategy would be limited to the detriment of Secured Creditor (and other creditors) by eliminating potential savings under tax exemptions pursuant to 11 U.S.C. § 1146, which would not be available if the Bankruptcy Case was converted to Chapter 7 or dismissed.

29. Based on the foregoing, the UST Motion should be denied.

## POINT II

### ALTERNATIVELY, THIS COURT SHOULD CONVERT THE BANKRUPTCY TO ONE UNDER CHAPTER OF THE BANKRUPTCY CODE (AS OPPOSED TO DISMISSAL)

30. In the event this Court decided to grant the Motion, Secured Creditor respectfully requests conversion of the Bankruptcy Case to Chapter 7 (as opposed to dismissal). Section 1112(b) provides that as between conversion and dismissal, this Court should order "whatever is in the best interests of creditors and the estate . . . ." 11 U.S.C. § 1112(b). *See also In re Klenosky*, 130 B.R. 132, 135 (E.D.N.Y. 1991) (In deciding whether to convert or dismiss a case under Section 1112(b), the "determining factor" is "whether dismissal or conversion will be in the best interest of creditors and the estate."). Here, conversion of the Bankruptcy Case to Chapter 7 of the Bankruptcy Code is clearly in the best interests of creditors and the estate.

31. Secured Creditor is the Debtor's largest creditor who had commenced a pre-petition foreclosure action which is in its infancy. Secured Creditor and other creditors would benefit from a Chapter 7 Trustee sale of the Property. Here, a Chapter 7 Trustee would sell the Property faster than if the Foreclosure Action continued. In addition, potential creditors (to the extent there are any) are more likely to receive a distribution from a Chapter 7 liquidation than in a foreclosure sale – where they would receive nothing.

32. Accordingly, if this Court decides to grant the Motion, Secured Creditor respectfully request conversions of the Bankruptcy Case to Chapter 7 (as opposed to dismissal) as it is in the best interest of creditors and the estate.

## **RESERVATION OF RIGHTS**

33. Secured Creditor expressly reserves its right to amend or supplement this Objection, to introduce evidence opposing the Motion at the hearing on the Motion, and to file additional and supplemental objections as Secured Creditor deems advisable.

## **CONCLUSION**

33. For the reasons set forth above, the UST has failed to meet its burden to establish "cause" to dismiss this Bankruptcy Case or to convert to Chapter 7. As such, this Court should deny the Motion in its entirety, or, in the alternative, convert this case to one under Chapter 7.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Secured Creditor respectfully requests that the Trustee's Motion be denied in its entirety or, in the alternative, the Bankruptcy Case be converted to Chapter 7, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
        March 30, 2022

    KRISS & FEUERSTEIN LLP

By:   *s/ Jerold C. Feuerstein*
      Jerold C. Feuerstein, Esq.
      Daniel N. Zinman, Esq.
      Stuart L. Kossar, Esq.
      360 Lexington Avenue, Suite 1200
      New York, New York 10017
      (212) 661-2900
      (646) 454-4168 – facsimile
      jfeuerstein@kandfllp.com
      dzinman@kandfllp.com
      skossar@kandfllp.com

      *Attorneys for LCP NPL XI, 2019 LLC*